UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| JACOB SMITH, Individually and For Others Similarly Situated,<br><br>                     Plaintiff,<br><br>v.<br><br>MUSTANG PLUMBING, INC.,<br>                     Defendant. | Case No. 1:22-cv-00893<br><br>JURY TRIAL DEMANDED<br><br>COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b) |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

### SUMMARY

1. Plaintiff Jacob Smith (Plaintiff) brings this lawsuit individually and on behalf of all current and former employees (Putative Class Members) who worked for Mustang Plumbing, Inc. (MPI or Defendant) who MPI misclassified as exempt employees under the FLSA, subjected to improper salary deductions, and to whom MPI denied overtime compensation. Plaintiff brings this action to recover unpaid overtime wages and other damages from MPI under the Fair Labor Standards Act (FLSA).

2. This lawsuit includes a collective action pursuant to the FLSA, 29 U.S.C. §§ 201 *et. seq.*, to recover overtime wages.

3. MPI employed Plaintiff and the Putative Class Members to serve as points of contact and coordinate communication among MPI, its customers, and construction workers at worksites.

4. Plaintiff and the Putative Class Members regularly worked for MPI in excess of forty (40) hours each week.

5. But MPI did not pay them overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

6. Instead of paying overtime as required by the FLSA, MPI improperly classified Plaintiff and the Putative Class Members as exempt from the overtime requirements of the FLSA. This practice violates the overtime requirements of the FLSA. *See* 29 U.S.C. § 201 *et. seq.*

7. MPI purported to pay Plaintiff and the Putative Class Members a salary, but Plaintiff and the Putative Class Members were not paid a guaranteed minimum salary. MPI subjected Plaintiff and the Putative Class Members to improper salary deductions based on the number of hours and days actually worked.

8. MPI's decision not to pay overtime compensation to Plaintiff and the Putative Class Members was neither reasonable nor in good faith.

9. Rather, MPI knowingly and deliberately failed to compensate Plaintiff and the Putative Class Members overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

10. Plaintiff and the Putative Class Members therefore seek to recover all unpaid overtime and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

11. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because this action involves a federal question under the FLSA.

12. This Court has personal jurisdiction over MPI because MPI resides in this District and is subject to the court's personal jurisdiction with respect to the civil action in question.

13. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## THE PARTIES

14. Plaintiff worked for MPI as a CAD Technician from approximately March 2020 to

approximately October 2021.

15. Plaintiff's primary function at MPI was to serve as an MPI point of contact and coordinate communication between MPI's office and workers on construction sites.

16. Throughout his employment, MPI paid Plaintiff a (purported) salary with no overtime compensation.

17. However, MPI did not actually pay Plaintiff on a salary basis.

18. MPI did not pay Plaintiff a guaranteed minimum salary. Instead, from the beginning of Plaintiff's employment with MPI until April 2021, MPI subjected Plaintiff to deductions from his purported salary, based on days and hours Plaintiff actually worked.

19. Throughout his employment with MPI, Plaintiff was treated as an employee exempt from the overtime requirements of the FLSA.

20. Plaintiff's consent to be a party plaintiff is attached as **Exhibit A**.

21. Plaintiff brings this action on behalf of himself and all similarly situated salaried employees from whom MPI would make salary deductions based on days or hours actually worked and to whom MPI failed to pay overtime compensation.

22. MPI classified these employees as exempt from the FLSA's overtime requirements but failed to pay them on a salary basis and failed to pay these employees overtime for all hours that they worked in excess of forty (40) hours in a workweek in violation of the FLSA.

23. The FLSA Collective of similarly situated workers consists of:

**All salaried employees employed by or working on behalf of MPI from whom deductions were taken for the past three (3) years (Putative Class Members).**

24. The identities of the Putative Class Members can be readily ascertained from MPI's records.

25. MPI is a company doing business throughout the southwestern United States.

26.     MPI is a Texas corporation, headquartered in Texas, and may be served through its registered agent for service of process: **Todd Cox**, 2001 Red Bud Lane, Round Rock, TX 78664.

## FACTS

27.     MPI is a company engaged in providing plumbing installation and service throughout Texas. MPI regularly installs plumbing systems in more than 8,000 new homes every year. MPI also offers plumbing services for a variety of needs and across an array of devices and equipment, from toilets to water heaters to sewer lines. *See generally* http://mustangplumbingrr.com (last visited August 22, 2022).

28.     MPI's customers range from residential homeowners to large construction and home-building companies.

29.     To complete its business objectives and service its customers, MPI hires personnel (like Plaintiff) to act as point of contact on behalf of MPI, and to coordinate communication among MPI's office, MPI's customers, and construction workers for MPI projects, and to otherwise further MPI's business interests.

30.     For example, while at work, Plaintiff primarily worked from MPI's main office, and a large portion of Plaintiff's job duties involved Plaintiff reading building plans or blueprints for the measurements said plans contained. Then Plaintiff would then communicate the measurements for proper toilet and pipe placement, as written in the building plans, to the construction workers in the field.

31.     On occasion, Plaintiff would join workers in the field, at sites of construction or at plumbing repair locations, so that Plaintiff could take on-site measurements.

32.     Throughout Plaintiff's employment with MPI, MPI paid Plaintiff a purported salary.

33. However, for much of Plaintiff's employment with MPI, Plaintiff's "salary" was contingent upon the number of days and hours that Plaintiff worked in a given week.

34. When Plaintiff worked less than five days in a workweek, MPI would dock Plaintiff's wages accordingly.

35. MPI continued making salary deductions from Plaintiff's pay based on days and hours worked until April 2021.

36. Throughout Plaintiff's employment with MPI, Plaintiff regularly worked 10 or more hours each day.

37. Throughout Plaintiff's employment with MPI, MPI did not pay Plaintiff overtime as required by the FLSA.

38. At no time during Plaintiff's employment with MPI did MPI pay him overtime compensation for hours worked in excess of forty (40) in a single week.

39. Plaintiff is one of many such workers that MPI employed.

40. Numerous MPI employees held similar positions and were paid a salary, but were subjected to salary deductions based on days and hours worked and were not paid a guaranteed minimum salary.

41. Numerous MPI employees held similar positions and were improperly classified by MPI as exempt from overtime under the FLSA.

42. All such MPI employees are subjected to the same or similar illegal pay practices for the same or similar work.

43. These workers make up the proposed collective of Putative Class Members.

44. During the relevant period through April 2021, these MPI purported to pay these so-called exempt employees on a salary basis, but these employees did not receive a guaranteed minimum salary.

45. Instead, their pay was actually contingent upon the number of days per week actually worked.

46. The salaries of the Putative Class Members were subject to reduction by MPI based on the actual number of days an employee worked in a given week.

47. Through April 2021, when the Putative Class Members worked less than five days in a workweek, MPI would dock their wages accordingly.

48. MPI would even dock the wages of the Putative Class Members when bad weather caused the primary MPI office to close, even though the Putative Class Members were ready, willing, and able to work.

49. Plaintiff and the Putative Class Members were not paid on a salary basis.

50. During the relevant period and through the present, these Putative Class Members were and are classified by MPI as exempt from the overtime provisions of the FLSA.

51. During the relevant period, these Putative Class Members regularly worked more than forty (40) hours each week.

52. During the relevant period, these so-called exempt employees were not paid overtime for the hours they worked for MPI in excess of forty (40) hours each week.

53. While exact job titles and job duties may differ, MPI subjected the Putative Class Members to the same or similar illegal pay practices for similar work.

54. The Putative Class Members performed job duties similar to those performed by Plaintiff.

6

55. The job duties of Plaintiff and the Putative Class Members were primarily non-manual and were normally performed from/within MPI's main office location.

56. The job functions of Plaintiff and the Putative Class Members were primarily technical in nature, requiring little to no official training, much less a college education or advanced degree.

57. Plaintiff and the Putative Class Members are/were subjected to the same or similar policies and procedures that dictate/dictated the day-to-day activities performed by each person.

58. Plaintiff and the Putative Class Members did not have any supervisory or management duties, nor perform any supervisory tasks on behalf of MPI. Nor were there any MPI employees who reported to Plaintiff or the Putative Class Members.

59. To the extent Plaintiff and the Putative Class Members were called on to "make decisions", such decisions did not require the exercise of independent discretion and judgment concerning matters of significance.

60. Rather, in performing their work, Plaintiff and the Putative Class Members applied well-established techniques and procedures and use established standards to evaluate any issues.

61. Plaintiff and the Putative Class Members did not and do not set the techniques and procedures used to perform their job duties; Likewise, these employees do not set any quality standards.

62. Plaintiff and the Putative Class Members were not and are not permitted to deviate from the techniques and procedures utilized to perform their job duties, nor to deviate from any quality standards.

63. With these job duties, Plaintiff and the Putative Class Members are clearly non-exempt employees under the FLSA and, as such, are entitled to overtime compensation.

64. But MPI classified Plaintiff and the Putative Class Members as exempt and did not and does not pay them employees overtime for hours worked in excess of forty (40) hours in a single workweek.

65. Plaintiff and the Putative Class members worked for MPI in the past three years throughout Texas.

66. As a result of MPI's exemption classifications and pay policies, Plaintiff and the Putative Class members were denied the overtime pay to which employees performing non-exempt job duties – employees like Plaintiff and the Putative Class Members – are legally entitled.

67. Accordingly, MPI's pay policies and practices blatantly violated (and continue to violate) the FLSA.

68. Because Plaintiff and the Putative Class Members were misclassified as exempt employees by MPI, they should receive overtime compensation for all hours that they worked in excess of forty (40) in each workweek.

## COVERAGE UNDER THE FLSA

69. All previous paragraphs are incorporated as though fully set forth herein.

70. The FLSA Collective of similarly situated workers consists of:

**All salaried employees employed by or working on behalf of MPI from whom deductions were taken for the past three (3) years (Putative Class Members).**

71. At all times hereinafter mentioned, MPI was and is an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

72. At all times hereinafter mentioned, MPI was and is an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

73. At all relevant times, MPI has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1).

74. At all relevant times, MPI does have and did have employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof.

75. In each of the past 3 years, MPI's annual gross volume of sales exceeded $1,000,000 for at least the past 3 years.

76. At all relevant times, Plaintiff and the Putative Class Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

77. During the respective periods of Plaintiff and the Putative Class Members' employment by MPI, the Putative Class Members provided services for MPI that involved interstate commerce for purposes of the FLSA.

78. Until April 2021, MPI uniformly applied its policy of subjecting Plaintiff and the Putative Class Members to salary deductions if they worked less than five days per week or less than forty (40) hours per week.

79. At all relevant times, MPI uniformly applied its policy of improperly classifying the Putative Class Members, including Plaintiff, as salaried employees exempt from the overtime provisions of the FLSA.

80. At all relevant times, MPI uniformly applied its policy of paying its Putative Class Members, including Plaintiff, a purported salary and did not pay them overtime.

81. At all relevant times, MPI applied this policy regardless of any alleged individualized factors such as job position, or job duties/responsibilities.

82. MPI's practice of misclassifying its employees as salaried employees exempt from the overtime provisions of the FLSA is in itself a violation of the FLSA.

83. By improperly classifying the Putative Class Members as salaried employees exempt from the overtime provisions of the FLSA, and by failing to pay them overtime compensation, MPI violated (and continues to violate) the FLSA's requirement that it pays its employees at 1 and ½ times their regular rates for hours worked in excess of forty (40) in a workweek.

84. As a result of this policy, MPI and the Putative Class Members did not receive overtime payment as required by the FLSA.

85. The proposed collective of similarly situated employees, i.e., putative collective members sought to be certified pursuant to 29 U.S.C. § 216(b), is defined herein.

86. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of MPI.

### CAUSE OF ACTION
### FLSA VIOLATIONS

87. All previous paragraphs are incorporated as though fully set forth herein.

88. At all relevant times, Plaintiff and the Putative Class Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

89. MPI violated provisions of Sections 7 and 15 of the FLSA, 29 U.S.C. §§ 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours

without compensating such employees for hours worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates.

90. MPI cannot show that Plaintiff and the Putative Class Members were properly classified as exempt under 29 U.S.C. § 213 because MPI did not pay them on a salary basis, and because their duties do not fall within any of the recognized exemptions *See* 29 C.F.R. § 541.602.

91. In violating the FLSA, MPI knowingly, willfully and in reckless disregard carried out its illegal pattern of failing to pay Plaintiff and other similarly situated employees overtime compensation.

92. Because MPI knew, or showed reckless disregard for whether, its pay practices violated the FLSA, MPI owes these wages for at least the past three years.

93. MPI knew or should have known its pay practices were in violation of the FLSA.

94. The decision and practice by MPI to not pay overtime was neither reasonable nor in good faith.

95. Accordingly, Plaintiff and the Putative Class Members are entitled to overtime wages for all hours worked in excess of forty (40) in a workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees, and costs.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

96. Plaintiff incorporates all previous paragraphs and alleges that the illegal pay practices MPI imposed on Plaintiff were likewise imposed on the Putative Class Members.

97. Pursuant to 29 U.S.C. § 216(b), this collective claim is made on behalf of all those who are (or were) similarly situated to Plaintiff.

98. Numerous individuals have been victimized by MPI's patterns, practices, and policies, which are in willful violation of the FLSA.

99. Numerous other individuals who worked with Plaintiff were improperly classified as exempt employees, paid in the same manner, performed similar work, and were not properly compensated for all hours worked as required by federal wage laws.

100. Based on his experience with MPI, Plaintiff is aware that MPI's illegal pay practices were imposed on the Putative Class Members.

101. The Putative Class Members were all subject to salary deductions based on days and hours worked until April 2021.

102. The Putative Class Members were all improperly classified as exempt employees and not afforded the required overtime compensation when they worked in excess of forty (40) hours per week.

103. MPI's failure to pay any overtime compensation results from generally applicable policies and practices and does not depend on the personal circumstances of the individual Putative Class Members.

104. Thus, Plaintiff's experiences are typical of the experiences of the Putative Class Members.

105. The specific job titles or precise job requirements of the various Putative Class Members does not prevent collective treatment.

106. All of the Putative Class Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are non-exempt employees entitled to be properly compensated for all hours worked in excess of forty (40) hours per workweek.

107. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

108. MPI has employed a substantial number of similarly situated employees within the three-year period preceding the filing of the instant lawsuit.

109. Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress for their injuries and MPI will retain the proceeds of its rampant violations.

110. Moreover, individual litigation would be unduly burdensome to the judicial system.

111. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

112. Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined herein and notice should be promptly sent.

## JURY DEMAND

113. Plaintiff demands a trial by jury.

## RELIEF SOUGHT

114. WHEREFORE, Plaintiff prays for judgment against MPI as follows:

   a. For an Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA, certifying the FLSA Putative Class as defined in herein and requiring MPI to provide the names, addresses, e-mail addresses, telephone numbers, of all potential collective action members;

   b. For an Order approving the form and content of a notice to be sent to all potential FLSA Putative Class Members advising them of the pendency of this litigation and of their rights with respect thereto;

   c. For an Order awarding Plaintiff (and those FLSA Putative Class Members who have joined in the suit) back wages that have been improperly withheld;

    d.  For an Order pursuant to Section 16(b) of the FLSA finding MPI liable for unpaid back wages due to Plaintiff (and those FLSA Putative Class Members who have joined in the suit), for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those FLSA Putative Class Members who have joined in the suit);

    e.  For an Order awarding the costs and expenses of this action;

    f.  For an Order awarding attorneys' fees;

    g.  For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

    h.  For an Order awarding the Plaintiff a service award as permitted by law;

    i.

    j.  For an Order granting such other and further relief as may be necessary and appropriate.


Date: September 6, 2022          Respectfully submitted,

                By: */s/ Michael Josephson*
                **Michael A. Josephson**
                Texas Bar No. 24014780

                **Andrew W. Dunlap**
                Texas Bar No. 24078444
                **Alyssa White**
                Texas Bar No. 24073014
                **JOSEPHSON DUNLAP LLP**
                11 Greenway Plaza, Suite 3050
                Houston, Texas 77046
                713-352-1100 – Telephone
                713-352-3300 – Facsimile
                mjosephson@mybackwages.com
                adunlap@mybackwages.com
                awhite@mybackwages.com

                **AND**

                                    **Richard J. (Rex) Burch**
                                    Texas Bar No. 24001807
                                    **BRUCKNER BURCH PLLC**
                                    11 Greenway Plaza, Suite 3025
                                    Houston, Texas 77046
                                    713-877-8788 – Telephone
                                    713-877-8065 – Facsimile
                                    rburch@brucknerburch.com

                                    **ATTORNEYS IN CHARGE FOR PLAINTIFF**